# United States Court of Appeals for the 5th Circuit

Michael J. Major
Plaintiff and Appellant

Case Number: 1:23-CV-0256-LY-DH

State Bar of Texas
Defendant and Respondent

Appeal from a Final Judgment
of the District Court, Western District of Texas,
Hon. Lee Yeakel

**Appellant's Cover**
Michael J. Major
michaelmajor@mailfence.com
9785006177
2450 Louisiana Street
Suite 400 #808
Houston, TX 77006
Pro Se



U.S. COURT OF APPEALS
RECEIVED
JUN 1 3 2023
FIFTH CIRCUIT

## Certificate of Interested Parties

At this time the Appellant sees no other parties that have an interest in the outcome of the case.

# Table of Contents

Page

Table of Authorities                                                    4

Statement of Case                                                      5

Statement of Appealability                                             6

Statement of Facts                                                     6

Argument                                                               6

1. The Plaintiff has the Liberty to pursue litigation in the United States Federal & Texas State Court System that is within the scope of the administrative control of the Texas Supreme Court.

A. The Standard of Review                                         6/7/8

B. The Elements of the Argument                                      8

C. Constitutional Claims                                         8/9/10

Conclusion                                                          10

Certificate of Compliance or Word Count                            11

Certificate of Compliance with Font Requirement                    12

## Table of Authorities

<u>Cases:</u>                                                                Page

McDonald v. Longley (2021)   –   6/7

Boudreaux v. Louisiana State Bar Ass'n (5th Circuit 2021)   7/8

Keller v. State Bar of California (1990)   8

<u>Constitutional Provisions:</u>

1st Amendment   8

5th Amendment   9

14th Amendment   9

<u>Statute:</u>

Texas Gov't Code § 81.011(c)   10

## Statement of Case

The Plaintiff filed a complaint on 3/8/23 against the state bar of Texas and the american bar association making a civil rights claim for sovereignty of litigation (see Exhibit A). On 3/30/23 this was followed by Dustin M Howell's Order and Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges (see Exhibit B). Major's request to proceed in forma pauperis was granted, so by statute the Magistrate Court was required to reviewed the Complaint. The Plaintiff filed an opposition in response to the Magistrate Judges recommendation "Having failed to plead sufficient supporting factual allegations to demonstrate a non-frivolous claim, Plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)" (see Exhibit C). Major filed an amended complaint on 4/17/23 removing the american bar association as a defendant and refining his claims towards the principal defendant, the state bar of Texas (See Exhibit D). Hon. Lee Yeakel completed a *de novo* review of the case and dismissed the Plaintiff's claims as frivolous under Section 1915(e) on 4/20/23 (see Exhibit E).

**Statement of Appealability**

This appeal is from the final judgment of the United States District Court, Western District of Texas, Austin Division. It is authorized by Rule 18 of the federal rules of Appellate Procedure.

**Statement of Facts**

There was no transcript ordered for this case as it was closed pre-trial. The appellant with make his case for appeal in the Argument section of this brief.

**Argument**

1. The Plaintiff has the Liberty to pursue litigation in the United States Federal & Texas State Court System that is within the scope of the administrative control of the Texas Supreme Court.

A. The Standard of Review:

**McDonald v. Longley (2021)**

The activities of the State Bar may be judicially reviewed as unconstitutional. The 5th U.S. Circuit Court of Appeals at Louisiana noted "The bar is engaged in nongermane activities, so compelling the plaintiffs to join it violates their First Amendment rights" The practice of disqualifying citizens from access to the Federal & Texas Court System . An organization

that engages in abridges constitutitional liberty. Political lobbying for legislation presents a facial conflict in the regulation of the legal profession, which is meant to be an un-bias environment. The 5th Circuit court stated "Many of the bills the bar supported relate to substantive Texas law and are wholly disconnected from the Texas court system or the law governing lawyers' activities". A solution proposed by the court was "The bar can cease engaging in nongermane activities; Texas can directly regulate the legal profession and create a voluntary bar association, like New York's; or Texas can adopt a hybrid system, like California's. But it may not continue mandating membership in the bar as currently structured or engaging in its current activities." The power to regulate the legal profession belongs to the Courts.

## Boudreaux v. Louisiana State Bar Ass'n (5th Circuit 2021)

The Fifth Circuit reversed the district court's dismissal of Boudreaux's claims in an opinion issued concurrently with McDonald v. Longley. "Plaintiff contended that compelling dues and membership violates his First Amendment rights, and that LSBA's failure to ensure that his dues are not used to fund the Bar's political and ideological activities also violates his First Amendment rights". This ruling echos how State Bar Associations

levy their legal authority to support their own nongermane activities.

**Keller v. State Bar of California (1990)**

The Supreme Court of the United States ruled that anyone required to be a member of their respective state bar association has a First Amendment right to refuse subsidizing the organization's political or ideological activities. This case solidifies an attorneys' constitutional right to refrain from subsidizing their respective Bar Association in any manner, including participation in a legal charade.

B. The Elements of the Argument:

Mandatory participation in a State Bar Association robs attorneys of their 1st, 5th, and 14th Amendment rights. The State Bar of Texas is subject to court review under Tex, Gov't Code § 81.011(c): "The Supreme Court of Texas, on behalf of the judicial department, shall exercise administrative control over the state bar under this chapter."

C. Constitutional Claims:

**1st Amendment**: The 1st Amendment to the United States Constitution guarantees individuals a right to freedom of speech and to petition grievances. The Plaintiff seeks to exercise his right to speak freely in Courts of Law for his fellow citizens. A lawsuit is categorically indistinct

from petitioning a grievance. The Free Exercise Clause unduly applies in this case to the Plaintiff's religious liberty. The Law is sacred and honored in the Judeo-Christian Tradition, upon which our entire legal system derives its moral foundation. Freedom to choose an attorney, licensed through the State Bar or not, is a derivative of the foundational freedom of speech.

**5th Amendment:** The 5th Amendment to the United States Constitution protects the Plaintiff's Liberty to present cases in Federal Court on behalf of whomever chooses to seek his representation. In the absence of pursuing litigation, the Plaintiff's Life will be degraded & he will suffer tremendous Property loss in the form of money. There has been no due process of law to deprive the Plaintiff of his Life, Liberty, and Property.

**14th Amendment:** The 14th Amendment to the United States Constitution protects the Plaintiff's Liberty to present cases in State Court in representation of his fellow citizens. The Plaintiff has an unalienable right to the pursuit of happiness. The Illegal Blockade around the court system robs the Plaintiff of monetary property gains. There has been no due process of law to deprive the Plaintiff of his Life, Liberty, and Property.

**Texas Gov't Code § 81.011(c):** The Plaintiff moves the Supreme Court of Texas to exercise administrative control over the State Bar in order to grant

him sovereignty of litigation in Federal Courts in the District of Texas & State Courts in Texas. The Court process will uphold an anti-discrimination policy, enabling individuals to take the bar exam without the credentials deemed necessary by the Defendant. This will revoke the requirement for an attorney to play an unconstitutional game of theater in order to represent other citizens in Courts of Law, upholding Liberty of legal representation.

## Conclusion

In consideration of the relevant Case Law and the constitutionality of his claims outlined in the Argument section, the Plaintiff respectfully moves this Appeals Court to reverse the decision of the District court and send this case to trial.

Respectfully Submitted:

michaelmajor@mailfence.com
978-500-6177
2450 Louisiana Street
Suite 400 #808
Houston, TX 77006
6/10/23

**Certificate of Compliance or Word Count**

I certify that this appellate brief contains 1363 words. I have relied on the word count of the zoho writer software program used to write the brief.

## Certificate of Compliance with Font Requirement

I hereby certify that this brief has been typed in 14-point font.

# Exhibit A

Civil Complaint

**FILED**

**United States District Court**
**Western District of Texas**
**Austin Division**

MAR 0 8 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

<u>Michael J. Major</u>
**Plaintiff**

Case Number: 1 : 2 3 CV 00256
LY

**Jury Trial Demanded**

<u>State Bar of Texas, American Bar Association</u>
**Defendants**

**Complaint**

**1. Plaintiff:**
Michael J. Major
82 Coppermine Road
Topsfield, MA 01983
978-500-6177
michaelmajor@mailfence.com

**2. Defendants:**
State Bar of Texas
14651 Dallas Pkwy
Austin, TX 75254
512-427-1806

American Bar Association
1050 Connecticut Ave. NW, Suite 400
Washington, DC 20036
202-662-8690

**3. Basis For Jurisdiction Is Diversity of Citizenship:**
The Plaintiff, Michael J. Major, is a citizen of the State of Massachusetts.
The Defendant, State Bar of Texas, is a legal society headquartered in Austin, TX.
The Defendant, American Bar Association, is a legal society headquartered in
Washington, DC.

The amount at stake is more than $75,000 because the Plaintiff seeks to establish a professional career in litigation. The Defendants with no legal basis have created a discriminatory environment, entrenched with credentialing, which deprives aspiring attorneys of the liberty to represent fellow citizens in courts of law. The derivative of this essential liberty is financial compensation for the Plaintiff that is many factors greater than $75,000.

### 4. Allegation 1

The 1st Amendment to the United States Constitution guarantees individuals a right to freedom of speech and to petition grievances. The Plaintiff seeks to exercise his right to speak freely in Courts of Law for his fellow citizens. A lawsuit is categorically indistinct from petitioning a grievance. Neither of these rights shall be infringed. Freedom to choose an attorney is a derivative of the foundational freedom of speech. American citizens have a civil right to choose their lawyer regardless of whether or not he or she is licensed by the American Bar Association or any of its subordinates.

### 5. Allegation 2

The 5th and 14th Amendments to the United States Constitution protect the Plaintiff's Liberty to present cases in Federal and State Courts on behalf of whomever chooses to seek his representation. In the absence of pursuing litigation, the Plaintiff's Life will be degraded & he will suffer tremendous Property loss in the form of money. There has been no due process of law to deprive the Plaintiff of his Life, Liberty, and Property.

### Relief:

The Plaintiff orders a Court of Law to grant him sovereignty of litigation in Federal Courts in the United States & State Courts in Texas. The Court will revoke the self-appointed legal authority of the Defendants. This will dissolve the requirement for an attorney to go through the mire of credentialing set up by the Defendants so that one may represent other citizens in Courts of Law, thereby upholding Liberty of legal representation. The Defendants shall cease discriminating against individuals from taking the bar exam due to improper credentials.

Michael J. Major

Michael J. Major
82 Coppermine Road
Topsfield, MA 01983
978-500-6177

JS 44 (Rev. 10/20)

Case 1:23-cv-00256-RP   Document 3   Filed 03/08/23   Page 1 of 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael J. Major

**DEFENDANTS**
State Bar of Texas, American Bar Association

**(b)** County of Residence of First Listed Plaintiff   Essex County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Travis County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael J. Major    82 Coppermine Road
978-500-6177    Topsfield, MA 01983

Attorneys *(If Known)*

1:23CV00256

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for:

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 310 Airplane | ☐ 365 Personal Injury - | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | ☐ 315 Airplane Product Liability | Product Liability | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 367 Health Care/ | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | ☐ 320 Assault, Libel & | Pharmaceutical | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Slander | Personal Injury | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 330 Federal Employers' | Product Liability | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | Liability | ☐ 368 Asbestos Personal | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 340 Marine | Injury Product | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | Liability | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | Protection Act |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 360 Other Personal | Property Damage | Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | Injury | ☐ 385 Property Damage | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Leave Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 442 Employment | ☐ 510 Motions to Vacate | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ | Sentence | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Violations of Constitutional Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  2/28/23

SIGNATURE OF ATTORNEY OF RECORD   *Michael J Major*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

LY

# Exhibit B

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**MICHAEL J. MAJOR,**
*Plaintiff*

v.

**STATE BAR OF TEXAS,**
**AMERICAN BAR ASSOCIATION,**
*Defendants*

§
§
§
§
§
§
§
§

**No. 1:23-CV-0256-LY-DH**

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Order and Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Michael Major's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Major is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Major's financial affidavit and determined Major is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the

1

Court hereby **GRANTS** Major's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Major is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Major's claims be dismissed. Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Major has been granted leave to proceed *in forma pauperis*, the Court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an

2

arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Major sues Defendants State Bar of Texas ("State Bar") and the American Bar Association ("ABA") alleging that his rights under the First, Fifth, and Fourteenth Amendments have been infringed by the licensing requirements of the "American Bar Association [and] … its subordinates." Dkt. 1, at 2. Major claims that "[f]reedom to choose an attorney is derivative of the foundational freedom of speech" and that he is entitled to "speak freely in the Courts of Law for his fellow citizens" regardless of whether he is a licensed attorney. *Id.* Further, Major claims that his freedom to "present cases in Federal or State Courts on behalf of whomever he chooses" is at stake and that his "[l]ife will be degraded [and] he will suffer tremendous [p]roperty loss in the form of money" if relief is not granted. *Id.* Major requests that this Court "grant him sovereignty of litigation in Federal Courts in the United States & State Courts in Texas," "revoke the self-appointed legal authority of the Defendants," and "dissolve the requirement for an attorney to go through the mire of credentialing." *Id.*

3

As a preliminary matter, the ABA is a voluntary association of lawyers, not a licensing entity and is therefore, not a proper party to Major's suit challenging attorney licensing requirements.

The State Bar of Texas is an "administrative agency of the judicial department of the government." Tex, Gov't Code § 81.011(a). Major's claims against the State Bar are claims against the State of Texas and are therefore, barred by the doctrine of sovereign immunity. *See Richardson v. S. Univ.,* 118 F.3d 450, 452 (5th Cir. 1997) (stating that sovereign immunity protects "arms of the state"). States may generally not be sued by private individuals in federal court. *Moore v. La. Bd. of Elementary and Secondary Educ.,* 743 F.3d 959, 963 (5th Cir. 2014). Further, state sovereign immunity acts as a bar to federal "suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Bryant v. Tex. Dep't of Aging & Disability Servs.,* 781 F.3d 764, 769 (5th Cir. 2015) (internal quotations and citation omitted); *Cozzo v. Tangipahoa Par. Council—President Gov't,* 279 F.3d 273, 280-81 (5th Cir. 2002) ("When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity."). Major offers no authority stating that Texas's sovereign immunity as to his claims regarding State licensure requirements has been abrogated by Congress or waived by the Texas State Legislature. Further, while the "Eleventh Amendment does not bar a private party from suing a state officer in his official capacity for

4

injunctive relief," Major has not identified any state officers against whom he brings his claims. *See Union Pac. R. Co.*, 662 F 3d at 340 n.5 (5th Cir. 2011).

Having failed to plead sufficient supporting factual allegations to demonstrate a non-frivolous claim, Plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### III.    ORDER AND RECOMMENDATION

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis*, Dkt. 2. The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Major's complaint, Dkt. 1, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Court should now be **CANCELED.**

### IV.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985);

*Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 30, 2023.

·DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

6

# Exhibit C

**United States District Court**
**Western District of Texas**
**Austin Division**

Michael J. Major
Plaintiff

Case Number: 1:23-CV-0256-LY-DH

State Bar of Texas
Defendant

**Opposition to Recommendation of the United States Magistrate Judge**

NOW COMES the Plaintiff "Michael J. Major" to move this honorable court to oppose

The Recommendation of the United States Magistrate Judge to dismiss this civil case.

**Legal Viability of Claims**

The State Bar of Texas is subject to court review under Tex. Gov't Code § 81.011(c):

"The Supreme Court of Texas, on behalf of the judicial department, shall exercise

administrative control over the state bar under this chapter." The Facial and As-Applied

constitutionality of the statute Tex, Gov't Code § 81.011 is subject to judicial review due

to *Marbury v Madison* (1803).

**11th Amendment Disqualification**

The State Bar of Texas waived its sovereign immunity under Tex, Gov't Code § 81.011(c)

by subjecting itself to the administration of the Supreme Court of Texas see *Cozzo v.*

*Tangipahoa Par. Council—President Gov't, 279 F.3d 273, 280-81 (5th Cir. 2002)* ("When a

state agency is the named defendant, the Eleventh Amendment bars suits for both

money damages and injunctive relief unless the state has waived its immunity.") The

Plaintiff's request for administrative action of the Court is not barred by the 11th
Amendment.

**Unconstitutional Basis for Sovereign Immunity**

Section 1983 of the Civil Rights Act of 1871, codified at 42 U.S.C § 1983, provides:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage,
of any State...subjects...any citizen of the United States... to the deprivation of any
rights, privileges, or immunities secured by the Constitution and laws, shall be liable to
the party injured in an action at law". Section 1983 empowers every citizen of the United
States to sue any state actor, including the local government, operating under the color
of law for constitutional violations." The right to petition the government for a redress of
grievances is protected under the 1st amendment of the Constitution. Public
Corporations do not qualify for sovereign immunity as petitioning a court for litigation of
any Government Entity is an inherent Civil Right.

***McDonald v. Longley* (2021)**

The procedures of the State Bar may be judicially reviewed as unconstitutional. The 5th
U.S. Circuit Court of Appeals at Louisiana noted "The bar is engaged in nongermane
activities, so compelling the plaintiffs to join it violates their First Amendment rights"
The procedure of disqualifying citizens from access to the Texas Court System is
constitutionally inadequate. An organization that engages in political lobbying for
legislation presents a facial conflict in the regulation of the legal profession, which is
meant to be an un-bias environment. The 5th Circuit court noted "Many of the bills the
bar supported relate to substantive Texas law and are wholly disconnected from the

Texas court system or the law governing lawyers' activities". A solution proposed by the court was "The bar can cease engaging in nongermane activities; Texas can directly regulate the legal profession and create a voluntary bar association, like New York's; or Texas can adopt a hybrid system, like California's. But it may not continue mandating membership in the bar as currently structured or engaging in its current activities." Many states have adopted this approach, giving the power to regulate the legal profession back to the courts - where it belongs.

### Boudreaux v. Louisiana State Bar Ass'n (5th Circuit 2021)

The Fifth Circuit reversed the district court's dismissal of plaintiff's claims in an opinion issued concurrently with *McDonald v. Longley.* "Plaintiff contended that compelling dues and membership violates his First Amendment rights, and that LSBA's failure to ensure that his dues are not used to fund the Bar's political and ideological activities also violates his First Amendment rights". This ruling speaks again to the nongermane activities of State Bar Associations & the levying of their legal status to abridge the constitutional rights of citizens.

### *Keller v. State Bar of California (1990)*

The Supreme Court of the United States ruled that anyone required to be a member of their respective state bar association has a First Amendment right to refuse subsidizing the organization's political or ideological activities. Therefore, all attorneys have a right to refrain from subsidizing their respective Bar Association in anyway that degrades their constitutional rights. Mandatory participation in a State Bar Association, as argued in the Plaintiff's Amended Complaint (see exhibit A), robs attorneys of their 1st, 5th, and

14th Amendment rights.

*/s/ Michael J. Major*

Michael J. Major

82 Coppermine Road

Topsfield, MA 01983

978-500-6177

michaelmajor@mailfence.com

4/17/23

# Exhibit A

**Civil Complaint**

## United States District Court
## Western District of Texas
## Austin Division

Michael J. Major
Plaintiff

Case Number: 1:23-CV-0256-LY-DH

**Jury Trial Demanded**

State Bar of Texas
Defendant

**Amended Complaint**

**1. Plaintiff:**
Michael J. Major
82 Coppermine Road
Topsfield, MA 01983
978-500-6177
michaelmajor@mailfence.com

**2. Defendant:**
State Bar of Texas
14651 Dallas Pkwy
Austin, TX 75254
512-427-1806

**3. Basis For Jurisdiction Is Diversity of Citizenship:**
The Plaintiff, Michael J. Major, is a citizen of the State of Massachusetts.
The Defendant, State Bar of Texas, is a public corporation and an administrative agency
of the judicial department of the government, headquartered in Austin, TX.

The amount at stake is more than $75,000 because the Plaintiff seeks to establish a
professional career in litigation. The Defendant has abridged constitutional liberty by
creating a discriminatory environment, entrenched with credentialing, which deprives
aspiring attorneys of the liberty to represent fellow citizens in courts of law. The
derivative of this essential liberty is financial compensation for the Plaintiff that is many

factors greater than $75,000.

## 4. Allegation 1

The 1st Amendment to the United States Constitution guarantees individuals a right to freedom of speech and to petition grievances. The Plaintiff seeks to exercise his right to speak freely in Courts of Law for his fellow citizens. A lawsuit is categorically indistinct from petitioning a grievance. The Free Exercise Clause unduly applies in this case to the Plaintiff's religious liberty. The Law is sacred and honored in the Judeo-Christian Tradition, upon which the Plaintiff exerts his Liberty to uphold. None of these rights shall be infringed. Freedom to choose an attorney is a derivative of the foundational freedom of speech. American citizens have a civil right to choose their lawyer regardless of whether or not he or she is licensed through the State Bar.

## 5. Allegation 2

The 5th and 14th Amendments to the United States Constitution protect the Plaintiff's Liberty to present cases in Federal and State Courts on behalf of whomever chooses to seek his representation. In the absence of pursuing litigation, the Plaintiff's Life will be degraded & he will suffer tremendous Property loss in the form of money. There has been no due process of law to deprive the Plaintiff of his Life, Liberty, and Property.

## Relief:

The Plaintiff orders a Court of Law to grant him sovereignty of litigation in Federal Courts in the District of Texas & State Courts in Texas. The Court will exercise administrative control over the State Bar to uphold the constitutional liberty of the Plaintiff. The Defendant shall cease discriminating against individuals from taking the bar exam due to improper credentials & revoke the requirement for an attorney to go through an unconstitutional mire of credentialing in order to represent other citizens in Courts of Law, upholding Liberty of legal representation.

*/s/ Michael J. Major*
Michael J. Major
82 Coppermine Road
Topsfield, MA 01983
978-500-6177

factors greater than $75,000.

### 4. Allegation 1

The 1st Amendment to the United States Constitution guarantees individuals a right to freedom of speech and to petition grievances. The Plaintiff seeks to exercise his right to speak freely in Courts of Law for his fellow citizens. A lawsuit is categorically indistinct from petitioning a grievance. The Free Exercise Clause unduly applies in this case to the Plaintiff's religious liberty. The Law is sacred and honored in the Judeo-Christian Tradition, upon which the Plaintiff exerts his Liberty to uphold. None of these rights shall be infringed. Freedom to choose an attorney is a derivative of the foundational freedom of speech. American citizens have a civil right to choose their lawyer regardless of whether or not he or she is licensed through the State Bar.

### 5. Allegation 2

The 5th and 14th Amendments to the United States Constitution protect the Plaintiff's Liberty to present cases in Federal and State Courts on behalf of whomever chooses to seek his representation. In the absence of pursuing litigation, the Plaintiff's Life will be degraded & he will suffer tremendous Property loss in the form of money. There has been no due process of law to deprive the Plaintiff of his Life, Liberty, and Property.

### Relief:

The Plaintiff orders a Court of Law to grant him sovereignty of litigation in Federal Courts in the District of Texas & State Courts in Texas. The Court will exercise administrative control over the State Bar to uphold the constitutional liberty of the Plaintiff. The Defendant shall cease discriminating against individuals from taking the bar exam due to improper credentials & revoke the requirement for an attorney to go through an unconstitutional mire of credentialing in order to represent other citizens in Courts of Law, upholding Liberty of legal representation.

**/s/ Michael J. Major**
Michael J. Major
82 Coppermine Road
Topsfield, MA 01983
978-500-6177

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2023 APR 20  PM 3: 26

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
          DEPUTY

MICHAEL J. MAJOR,             §
      PLAINTIFF,            §
              §
              §
V.                           §
              §
STATE BAR OF TEXAS AND       §   CAUSE NO. 1:23-CV-256-LY
THE AMERICAN BAR             §
ASSOCIATION,                 §
      DEFENDANTS.           §
              §
              §

## ORDER ON REPORT AND RECOMMENDATION

Before the court is the above-referenced cause, which was referred to the United States Magistrate Judge for findings and recommendations. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72; Loc. R. W. D. Tex. Appx. C, 1. The magistrate judge granted Plaintiff *Pro Se* Michael Major leave to proceed *in forma pauperis* and reviewed the complaint to determine if the action may proceed. *See* 28 U.S.C. § 1915(e) ("Section 1915(e)"). The magistrate judge rendered the Report and Recommendation on March 30, 2023, recommending that the court dismiss Major's lawsuit as frivolous pursuant to Section 1915(e) (Doc. #4).

A party may serve and file specific, written objections to the proposed findings and recommendations of the magistrate judge within 14 days after being served with a copy of the Report and Recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusion, and recommendations in a Report and Recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United*

*States Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Major filed objections to the Report and Recommendation on April 17, 2023 (Doc. #6). In light of the objections, the court has undertaken a *de novo* review of the entire case file and finds that the magistrate judge's report and recommendation should be approved and accepted by the court for substantially the reasons stated therein.

**IT IS THEREFORE ORDERED** that Plaintiff Michael Major's objections to the Report and Recommendation (Doc. #6) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the United States Magistrate Judge's Report and Recommendation (Doc. #4) filed in this cause is **APPROVED** and **ACCEPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Michael Major's lawsuit is **DISMISSED** as frivolous under Section 1915(e).

The court will render final judgment by separate order.

SIGNED this _____ day of April, 2023.


_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE



UPS Next Day Air Saver® 1P

TRACKING #: 1Z A91 Y34 13 3052 2265

BILLING: P/P

LA 701 9-22

NEW ORLEANS LA 70130-3440

United Parcel Service

SHIP FOR THE FIFTH CIRCUIT
TO: U.S. COURT OF APPEALS
STE 115
600 S MAESTRI PL

MICHAEL MAJOR
(979) 968-0177
THE UPS STORE #2481
4747 RESEARCH FOREST DR
THE WOODLANDS TX 77381-4912

SHP WT: 1 LBS
DATE: 12 JUN 2023
1 LBS

Visit theupsstore.com to learn more
about our Print & Business Services.

UPS Ground®
UPS Standard®
UPS 3 Day Select®
UPS Worldwide Expedited®

AR7 – 1720

U.S. COURT OF APPEALS
600 S MAESTRI PL
STE 115
NEW ORLEANS LA 70130

0180025U709  08/21  United Parcel Service